■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM NORMAN BLACKWELL, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Richmond County, rendered March 23, 1973, convicting him of attempted murder, upon a guilty plea, and sentencing him to a prison term of not less than 5 or more than 15 years. Judgment reversed as to the sentence, on the law and as a matter of discretion in the interest of justice, and case remitted to the Criminal Term for further proceedings in accordance with the views herein set forth. The guilty plea minutes of November 15, 1972 evidence an express promise by the trial court not to prescribe any mandatory minimum sentence. When defendant appeared for sentencing on March 23, 1973, the court imposed a five-year minimum sentence, because defendant was a habitual criminal. If the promised sentence was the inducement for the guilty plea, defendant is entitled to have the promise fulfilled or, if the arrangement is to be undone, the People and defendant are entitled to be restored to the status obtaining before the guilty plea (*People* v. *Di Giacomo,* 40 A D 2d 689; *People* v. *Rice,* 25 N Y 2d 822). Munder, Acting P. J., Martuscello, Latham and Benjamin, JJ., concur; Gulotta, J., concurs, with the following memorandum: This case differs from *People* v. *Selikoff* (41 A D 2d 376) in that this defendant seeks alternative relief, i.e., specific performance or the right to withdraw his guilty plea. In *Selikoff* the defendant insisted upon specific performance and nothing else, because he claimed he could not be put in *status quo ante.* He was offered the opportunity to withdraw his plea but rejected it. The court concluded that there had been no showing of prejudice and affirmed the judgment. My dissent in that case was based upon my conclusion that the defendant's position had been prejudiced and that specific performance was the only proper remedy. Here, the defendant seeks a hearing to determine whether he has been prejudiced — with specific performance to follow if it is found that he has, and with an opportunity to withdraw his plea if it is found that he has not been so prejudiced. I would accord him that right, but see *People* v. *Esposito* (32 N Y 2d 921) where, with the defendant demanding alternative relief, the court nevertheless ordered specific performance absolute, presumably on the theory that he had been prejudiced.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAN DANIS, Appellant.— Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Queens County, imposed March 21, 1973, committing him to an indeterminate prison term not to exceed three years, upon a conviction of attempted bribery, on his plea of guilty. Sentence modified, in the interest of justice, by changing it to a fine of $250 and a five-year term of probation; and case remitted to the Criminal Term for imposition of conditions of probation as specified in section 65.10 of the Penal Law. As so modified, sentence affirmed. Case also remitted to the Criminal Term for proceedings to direct defendant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd. 5). Under the circumstances of this case, it is our opinion that the sentence was excessive to the extent indicated herein. Hopkins, Acting P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.